UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | |
| CHRISTOPHER GEORGE WILEY | NO. 14-0337-BAJ-RLB |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 5, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                          CIVIL ACTION

VERSUS

CHRISTOPHER GEORGE WILEY                                    NO. 14-0337-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* petitioner, a person who is confined pursuant to a state civil commitment order and is confined in a mental facility operated by the East Louisiana Mental Health System, located in Jackson, Louisiana, filed this proceeding on a form seeking to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The petitioner asserts as his sole ground for relief that he is "not gravely disabled [and] is not mentally retarded." A hand-written notation on the petitioner's application, which notation was apparently written by a co-detainee assisting the petitioner with the instant application, asserts "under penalty of perjury," that the petitioner is attempting by the instant application "to get out of a coroner's hold," but is "a very disturbed, confusing and uninformed man." *See* R. Doc. 1 at p. 12. The hand-written notation further states that the co-detainee has informed the petitioner that the instant application submitted pursuant to 28 U.S.C. § 2255 "isn't anywhere close to the right form for what he wants to do ... [but] he told me to do it anyway so here it is."

A review of the petitioner's application, together with information obtained from pleadings filed in connection with a prior proceeding instituted by the petitioner in federal court,[1]

---

1. A District Court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206, 211 (5th Cir. 1983).

reflects that in May, 2013, the petitioner was judicially committed to confinement in a mental health facility by a state court located in St. Tammany Parish, Louisiana, in accordance with La. R.S. 28:54. *See Wiley v. 22nd J.D.C. Clerk*, 2014 WL 247865 (E.D. La. Jan. 17, 2014). As such, his confinement is pursuant to the action of a state court, and he is not in federal custody and is not subject to confinement by reason of a conviction or sentence issued by a federal court. The petitioner has previously sought federal habeas corpus relief and, after his prior application was transferred to the United States District Court for the Eastern District of Louisiana, that Court dismissed the petitioner's application in January, 2014, because the petitioner had failed to exhaust state court remedies as required by federal law. *Id.* The petitioner did not appeal that determination to a higher court, and there is nothing in his current application that suggests that the petitioner has now exhausted state court remedies. To the contrary, although he refers in his application to one attempt by him at exhaustion of state court remedies, he refers to that attempt as "ongoing," see R. Doc. 1 at p. 2. He also makes reference to a second proceeding, recently concluded in the United States Supreme Court, but this Court has determined that that proceeding is unrelated to the claims asserted herein.²

---

The Court hereby takes judicial notice of a federal habeas corpus application filed by the petitioner in this Court and subsequently transferred to the Eastern District of Louisiana, *Christopher George Wiley v. Constance T. Kador, et al.*, Civil Action Nos. 13-0388-JJB-SCR (M.D. La.) and 13-5040-SM (E.D. La.).

     2. The petitioner makes reference, on page 2 of his original application, to a writ of *certiorori* denied by the United States Supreme Court in February, 2014. A review of the proceedings filed in connection with the pertinent Supreme Court Docket Number, however, discloses that that case involved a claim filed by the petitioner in 2012 for reimbursement of filing fees that he had paid in a case asserting entitlement to Supplemental Security Income benefits before the Social Security Administration. *See Christopher G. Wiley v. Senator Cleo Fields, et al.*, Civil Action No. 12-0507-BAJ-SCR (M.D. La.). That case was dismissed by this Court as legally frivolous in October, 2012, and the petitioner sought further review in connection with that determination, through and including the United States Supreme Court. That proceeding, however, has no relevance to the claims asserted in the instant case.

By its terms, the statute invoked by the petitioner in this case, 28 U.S.C. § 2255, applies to "[a] prisoner in custody under sentence of a court established by Act of Congress." Thus, this statute applies only to persons who are subject to confinement by a federal court and is not applicable to the petitioner herein. Accordingly, the petitioner has no cause or right of action under the referenced statute, and this proceeding is subject to dismissal as a result. Although this Court could interpret the petitioner's application as one filed pursuant to 28 U.S.C. § 2241 or § 2254, the Court sees no reason to do so. The petitioner was explicitly advised prior to the filing of the instant proceeding that his chosen course of action is procedurally inappropriate, yet he chose to proceed regardless. Further, it appears clear that he still has not exhausted state court remedies relative to the claim asserted herein. Thus, were this Court to re-characterize the petitioner's application and transfer this proceeding to the Eastern District of Louisiana – where sits the state court that has judicially committed him and periodically reviews his confinement status – this would be an exercise in futility and, therefore, would not be an appropriate utilization of judicial resources. Accordingly, the instant proceeding should be dismissed.³ The petitioner is advised that, upon exhaustion of state court remedies, the appropriate course of action will be for him to file a federal habeas corpus proceeding, pursuant to 28 U.S.C. § 2241 or § 2254, in the Eastern District of Louisiana district court, which court is the appropriate venue for his claim of wrongful confinement undertaken by a state court located within that district.

---

3. The Court notes that the petitioner has filed a pleading herein (R. Doc. 8), wherein he expresses dissatisfaction with this Court's handling of this proceeding and seeks to "have my case move to Fifth Circuit Court of Appeals." To the extent that this pleading may be characterized as a notice of appeal, it does not divest this Court of jurisdiction to address his claims because a premature notice of appeal, *i.e.*, one that is filed before the issuance of a final judgment, does not in most instances cause a district court to lose jurisdiction. *See United States v. Stanley*, 2013 WL 5460056 (S.D. Miss. July 16, 2013). Upon the issuance of a final judgment in this case, the petitioner will have the right to pursue an appeal.

## RECOMMENDATION

It is recommended that the petitioner's Motion to Vacate, Set Aside or Correct Sentence brought pursuant to 28 U.S.C. § 2255 be dismissed. It is further recommended that all of the petitioner's pending motions be denied as moot.

Signed in Baton Rouge, Louisiana, on November 5, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**